## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

FILED

2008 DEC -3  A  9: 31

| | |
|---|---|
| HILL CUSTOM GUITARS, INC.<br>3615 Superior Avenue, Suite 4206 B<br>Cleveland, Ohio 44114 | ) CASE NO.<br>)<br>) JUDGE<br>) |
| and | )<br>) |
| STEVEN J. CHUDAKOFF<br>18265 Rolling Brook Drive<br>Chagrin Falls, Ohio 44023 | ) Judge: LANCE T MASON<br>)<br>) CV 08 677908<br>) |
| *Plaintiffs,* | )<br>) |
| vs. | )<br>) |
| ARMADILLO DISTRIBUTION<br>ENTERPRISES, INC.<br>dba DEAN GUITARS<br>c/o MICHAEL KASS, STATUTORY<br>AGENT<br>1505 N. Florida Avenue<br>Tampa, Florida 33602 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **VERIFIED COMPLAINT** |
| and | ) **FOR DAMAGES INJUNCTIVE**<br>) **RELIEF AND OTHER**<br>) **EQUITABLE RELIEF** |
| ELLIOTT P. RUBINSON<br>700 Spottis Woode Lane<br>Clearwater, Florida 33614 | )<br>)<br>) |
| and | )<br>) |
| JON R. HILL<br>3725 Estero Blvd.<br>Ft. Myers Beach, Florida 33931 | )<br>)<br>) |
| *Defendants.* | )<br>) |

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court by virtue of Civ. R. 4.3 (A)(1), (2), (4)

and/or (9).

2.     Venue is proper in this Court pursuant to Civ. Rule 3 (B) (3), (6) and/or (7).

## THE PARTIES

3.     Plaintiff Hill Custom Guitars, Inc., ("Hill Custom Guitars") is a corporation formed under the laws of the State of Ohio on July 18, 2007, with its principal place of business located at 3615 Superior Avenue, Suite 4206 (B), Cleveland, Cuyahoga County, Ohio. Hill Custom Guitars is a close corporation, comprised of three owners, and whose shares are not traded on any securities market.

4.     Plaintiff Steven J. Chudakoff ("Chudakoff") is the Chief Executive Officer and 45% owner of Hill Custom Guitars.

5.     Defendant Armadillo Distribution, Inc. dba Dean Guitars ("Dean") is a Florida Corporation whose business is mainly the manufacture and sales of musical instruments.

6.     Defendant Elliott P. Rubinson ("Rubinson") is the Chief Executive Officer of Dean, and, on information and belief, Chairman of its Board of Directors.

7.     Defendant Jon R. Hill ("Jon") is a world-reknowned luthier (guitar maker), President and 45% owner of Hill Custom Guitars.

## GENERAL ALLEGATIONS

8.     Jon began building guitars at an early age, starting in his father's garage in 1989.

9.     In 1989 Jon registered the Trade Name of "The Hill Guitar Company," and, in 1991, his business became incorporated as "Hill Guitar Co."

10.     In late 1994, Jon moved his shop to Florida to work for Defendant Dean, where he remained until 1997. At that time he was forced to leave the employ of Dean when that company experienced financial difficulties.

11.     On December 30, 1996, the Articles of Incorporation of Hill Guitar Co. were cancelled for non-payment of taxes, and by 1997, Jon was out of the luthier business.

12.     Several years later, Jon decided to try making guitars again, and moved back to Cleveland, Ohio, setting up shop in the Tremont area where he remained for about two years.  He then moved to another location in Cleveland, Ohio where he was forced to leave due to arrears in rent.

13.     By 2005, Jon's business needed more space, so he relocated to 3615 Superior Avenue in Cleveland, Ohio.  Jon continued to experience financial difficulties, and was, once again, facing the prospect of having to shut down his business.

14.     Jon told an acquaintance of his in the music business, Frank Amato of Amalon Entertainment, that he was looking for an infusion of capital, and was willing to take on a business partner if that partner could provide cash and production equipment including a CNC router needed to increase production.

15.     Amato introduced Jon to Plaintiff Chudakoff, whose business background was in consumer electronics, and who had contributed to the success of the multimillion dollar consumer electronics division of Frieder, Inc.

16.     When Chudakoff and Jon first met in November 2005, Jon stated he needed help paying overdue supply bills and payroll, as well as wanting a CNC machine to ramp up production capability for Hill Guitars, as well as "ghostbuilding" guitar parts for other manufacturers, such as Epiphone Guitar Co./Kramer Guitar (i.e., the parts were produced by Jon and installed on Epiphone/Kramer products).

17.     Chudakoff's due diligence revealed a resurgence of interest in the musical field in American-made guitars, which were greatly superior to the foreign imports which made

3

up about 90% of the market.  It also revealed that very few American manufacturers were filling this need.

18.     Chudakoff proposed a business plan whereby the company would ghostbuild for companies such as Epiphone, Dean and others on a large scale, the profits from which would be used to enhance the marketing, manufacturing and sales of the Hill Custom branded guitar.

19.     Said business plan would require an infusion of cash from Chudakoff, and new manufacturing equipment, for which Chudakoff would receive a 50% ownership.

20.     Chudakoff and Jon began their partnership in November, 2005 and began executing Chudakoff's business plan. Epiphone discussed increasing Hill's production output from 25 guitars per month as many as 400 per month.  Non-disclosure agreements were signed with Dean and with Epiphone.

21.     Chudakoff and Amato produced a directed a pilot for a TV series to be called "Axe-to-Grind."  It was a reality show highlighting the day-to-day operations of the company.  The series was patterned on the model of an existing show called "American Choppers," and was designed to further enhance the reputation of Hill Custom Guitars.

22.     On April 29, 2007, Jon and Chudakoff sold a 10% non-voting equity interest in the business to an investor for $40,000, and Plaintiff Hill Custom Guitars, Inc. was incorporated on July 18, 2007.  Chudakoff was made CEO and Jon became President.

23.     In November 2007, Jon left Hill Guitar.  He took raw materials, items in production, purchase orders and several key employees of Hill Custom Guitars and went to work for Dean, filling those orders as an employee of Dean, leaving Chudakoff with

4

all of the debts of Hill Custom Guitars, and without the means to earn money to pay them. Jon also misappropriated the opportunity of Hill Custom Guitars to earn profits.

24.     At that time, Chudakoff had invested approximately $250,000 of his funds, as well as his time, and talents in Hill Custom Guitars, which was poised to increase its output and profitability exponentially.

## COUNT ONE

### (Breach of Fiduciary Duty by Jon Hill)

25.     Plaintiff's restate all material allegations in paragraphs 1-24, as if fully rewritten herein.

26.     As an officer, equal shareholder of the corporation, and partner with Chudakoff, Jon owed him and Hill Custom Guitars a duty to act with the utmost good faith with respect to partnership affairs, and to act for the common benefit of all the partners, shareholders, and the corporation.

27.     Jon breached that duty to Chudakoff and Hill Custom Guitars by promoting his own self-interests by becoming an employee with Dean.

28.     Jon also breached that duty by absconding with the raw materials, purchase orders, skilled employees and other assets of the corporation, leaving Chudakoff and Hill Custom Guitars without the ability to earn profits, and/or pay its debts.

29.     As a direct and proximate result of Jon's breach of his fiduciary duties, Chudakoff and Hill Custom Guitars were injured, suffering loss of reputation, and great economic loss.

## COUNT TWO

### (Tortious interference with the business

### relationships of Chudakoff by Dean and Rubinson)

30.     Plaintiffs restate all material allegations in paragraphs 1 through 29, as if fully rewritten herein.

31.     Dean and Rubinson knew of the business relationship that Chudakoff had with Jon, and in fact was doing business with Hill Custom Guitars in 2007.

32.     Dean and Rubinson intentionally, maliciously and improperly interfered with the continuation of this business relationship, by inducing Jon to discontinue that relationship, and to misappropriate the assets and corporate opportunities rightfully belonging to Hill Custom Guitars, and to bring those assets and opportunities to Dean and Rubinson, thereby increasing their own profitability.

33.     As a direct and proximate result of the tortious interference with the business relationship between Chudakoff and Jon by Dean and Rubinson, Chudakoff suffered great economic loss.

## COUNT THREE

### (Misappropriation of Corporate Opportunity)

34.     Plaintiffs restate all material allegations in paragraphs 1 through 33, as if fully rewritten herein.

35.     As a partner shareholder and officer of Hill Custom Guitars, Jon became aware of business opportunities for ghostbuilding guitars for Gibson, Epiphone, Kramer and Dean Guitar companies.  These opportunities were in fact presented to Hill Custom Guitars for contract.

6

36.    These ghostbuilding opportunities were financially beneficial to Hill Custom Guitars, and in fact were in line with and in furtherance of the business plan established by Chudakoff for Hill Custom Guitars.

37.    Jon misappropriated those opportunities to his own personal gain by associating with Dean Guitars and fulfilling the order for the benefit of himself and Dean, all to the damage of Hill Custom Guitars.

## COUNT FOUR

### (Civil Conspiracy)

38.    Plaintiffs restate all material allegations in paragraphs 1 through 38, as if fully rewritten herein.

39.    In 2007, Defendants Jon, Rubinson and Dean maliciously combined for the purpose of injuring Plaintiffs in their property rights, by misappropriating corporate opportunities belonging to Hill Custom Guitars, and converting valuable business assets belonging to Hill Custom Guitars to their own use.

40.    In furtherance of the conspiracy, Defendants Jon, Rubinson and Dean acted in concert to convert raw materials, corporate opportunities, the business plan and key employees of Hill Custom Guitars to their own use.

41.    The conspiracy required all parties and was incapable of being accomplished by less than all conspirators in that Jon had the corporate opportunities and access to the other assets of Hill Custom Guitars, and Rubinson and Dean had the necessary funding and production capabilities.

42.    As a direct and proximate result of the above conspiracy, and acts in furtherance thereof, Chudakoff and Hill Custom Guitars was injured.

7

## **COUNT FIVE**

### **(Misappropriation of Trade Secrets)**

43.     Plaintiffs restate all material allegations in paragraphs 1 through 42, as if fully rewritten herein.

44.     Jon's nearly twenty years as a world renowned luthier gave Plaintiffs a competitive edge in the marketplace and valuable trade secrets in the design and manufacture, pricing of custom guitars, as well as customers, customer lists and unique and valuable professional testimonials.

45.     At all times material hereto, Defendant Jon was in a confidential relationship with Plaintiffs, and owed them a fiduciary duty of good faith and fair dealing.

46.     Jon has wrongfully misappropriated Plaintiffs' trade secrets of design, production, manufacturing pricing and customers all to the detriment of Plaintiffs and in favor of Defendants.

47.     Due to the wrongful conduct of Jon, Plaintiffs have been damaged and will continue to suffer damage.

48.     The misappropriation by Jon, of Plaintiffs' trade secrets were committed with willful and wanton disregard for the rights of Plaintiffs, and they are entitled to punitive damages in such sum as to be established by the Court upon trial hereof.

Wherefore, Plaintiffs pray judgment against Defendants jointly, or in the alternative for compensatory damages in an amount as yet unknown, but in excess of $25,000; for exemplary damages of five million dollars; for an accounting; for a constructive trust upon the proceeds of all proceeds from the ghostbuilding activities of Dean obtained from the corporate opportunities originally extended to Hill Custom

Guitar; injunctive relief, both temporary and permanent; attorney fees cost, and such relief as is just and equitable in the premises.

Respectfully submitted,

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T:  (440) 248-8811
F:  (440) 248-1599
Email:  rpdatty@sbcglobal.net

Attorneys for Plaintiffs

## <u>VERIFICATION</u>

The undersigned Steven J. Chudakoff, being first duly sworn according to law, verifies and states that the is the Plaintiff in this action, is familiar with all matters set forth in the foregoing Complaint, and that the allegations contained therein are true to the best of his belief.

_____
STEVEN J. CHUDAKOFF

**State of Ohio**          :

**County of Cuyahoga** :

    Sworn to and subscribed before me this _4ᵗʰ_ day of November, 2008.

_____
NOTARY PUBLIC

JOSEPH J. TRISCARO
ATTORNEY AT LAW
NOTARY PUBLIC
STATE OF OHIO
My Comm. Has No
Expiration Date
Section 147.03 R. C.

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

FILED

2008 DEC -3  A 9: 31

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | CASE NO. |
| | ) | |
| *Plaintiffs,* | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | Judge: LANCE T MASON |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | CV 08 677908 |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

---

Now come Plaintiffs, by and through counsel, and pursuant to Civ. R. 65 (A), R.C. 1333.62 and R.C. 4165.03 move this Honorable court for the entry of a temporary restraining order, prohibiting and preventing Defendants Armadillo Distribution, Inc., dba Dean Guitars ("Dean'), Elliott P. Rubinson ("Rubinson") and Jon R. Hill ("Jon") from working together in any capacity, whether as employee, independent contactor, agents, and whether alone or in concert with others, in the production of custom guitars, or in the ghostbuilding of guitars, for Epiphone, Kramer, Dean Guitar, or any other companies who had entered into agreements with Plaintiff for the production of custom guitars or guitar parts prior to November, 2007, when Hill left Hill Custom Guitars.

The reason for this Motion is that Jon converted to his own use corporate opportunities properly belonging to Plaintiff in the form of orders for the production of custom guitars from Dean, as well as from Epiphone and Kramer guitar companies. In addition, Jon converted valuable raw materials and corporate employees necessary for the

production of said guitars, unlawfully providing Dean with the use of these materials and employees.

Defendants Dean and Rubinson were aware of the business relationship between Plaintiffs and Jon, and the corporate opportunity described above, and encouraged Jon to discontinue that relationship and to breach his fiduciary duties to Plaintiffs.

This Motion is made upon the grounds that Plaintiffs are entitled to the relief demanded, and part of that relief consists of restraining the continuation of Defendants' improper and unlawful acts, the continuance of which will produce great and irreparable economic injury to Plaintiffs for which there is no adequate remedy at law, all of which is evident from a review of their Verified Complaint.

A Brief in Support of this Motion is attached hereto an incorporated by reference herein. Pursuant to Civ. R. 65 (A)(2), a certification of Notice by counsel is attached hereto.

Respectfully submitted,

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T: (440) 248-8811
F: (440) 248-1599
Email: rpdatty@sbcglobal.net

Attorneys for Plaintiffs

2

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | CASE NO. |
| | ) | |
| *Plaintiffs,* | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

## BRIEF IN SUPPORT OF MOTION
## FOR TEMPORARY RESTRAINING ORDER

### Statement of Facts

The evidence to be adduced at trial of the within case will show that Chudakoff and Jon, in November, 2005, became general partners in a business plan to save Jon's failing guitar building business. Chudakoff would provide the funding and business expertise, and Dean would provide his unique and renowned luthier skills in the ghostbuilding of guitars and guitar parts for other guitar companies desiring American built guitars.

The profits generated thereby would enhance the marketing, manufacturing and sales of the Hill branded custom guitar. Chudakoff would receive 50% ownership of the business for his providing of the funding and marketing skills.

On July 18, 2007, Plaintiff Hill Custom Guitars, was formed as a corporate entity, with its principal place of business located at 3615 Superior Avenue, Suite 4206 (B), Cleveland, Cuyahoga County, Ohio.

Chudakoff invested over two hundred fifty thousand dollars ($250,000) in paying overdue bills, hiring skilled employees, and obtaining the necessary machinery to ramp up production capability for Hill Custom Guitars.

Due to Chudakoff's efforts and funding, discussions with large foreign guitar companies, including Epiphone, and Kramer, as well as Dean Guitars led to opportunities to increase production from 25 guitars per month to 400 per month.

Raw materials were purchased to enable Jon and the employees to produce the guitars and guitar parts.

However, without warning, Jon converted the raw materials, corporate orders and opportunities and went to work for Dean, filling those orders as an employee of Dean, leaving Chudakoff with all of the debts of Hill Custom Guitars, and without the means to earn the money to pay them, or to earn profits.

**Law & Argument**

In 1994, Ohio adopted the Uniform Trade Secrets Act. (R.C. §§1333.61-1333.69). Pursuant thereto, "trade secrets" are defined as:

> " . . . information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers that satisfies both of the following:

> 1) It derives independent economic value, actual or potential, from not being generally known to and not being readily

ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C. §1333.61(D).

A person "misappropriates" trade secrets if he uses a trade secret without the express or implied consent of the other, having acquired those trade secrets under circumstances giving rise to a duty to maintain the secrecy thereof. (R.C. §1333.61(B)(2)(b)).

The evidence will show that Defendant Jon's knowledge and unique skills as a luthier were misappropriated along with Plaintiffs' customer lists and orders.

The evidence will show that Defendant Jon divulged these trade secrets to Defendants Dean and Rubinson.

Further, the "inevitable disclosure rule" applies to cases such as this where a former employer seeks to enjoin a former employee from using or disclosing trade secrets. *Proctor and Gamble Co. v. Stoneham* (2000) 140 Ohio App. 3d 260. This rule provides that actual harm need not be shown to qualify for injunctive relief. The Court can rely on evidence of a threat of harm where the evidence shows, as in the case at bar, that an employee had intimate knowledge of confidential information.

"It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well intentioned the effort may be to do so."

*FTC v. Exxon Corp.,* 636 F. 2d 1336, 1350 (D.C. Circ. 1980)

3

**Injunctive Relief Appropriate**

As shown herein, Jon clearly misappropriated the trade secrets of Plaintiffs. For such conduct, the Uniform Trade Secrets Act provides for injunctive relief (R.C. §1333.62).

Under Ohio's Deceptive Trade Practices Law (R.C. §§4165.01 et. seq.) a person engages in a deceptive trade practice when that person, under §4165.02

> "(A)(2) Causes likelihood of confusion or misunderstanding as to the source sponsorship, approval or certification of goods or services."
>
> or
>
> (A)(3) Causes likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another."

The evidence will show that Defendant Jon contacted clients and used the Hill name to offer to custom build guitars for Dean. Defendants were able to obtain contracts with several of Plaintiffs' clients. The evidence will show they were confused as to the possible affiliation of Defendant Jon with Plaintiff.

This is precisely the type of market place confusion contemplated in the Deceptive Trade Practices Act.

Separate statutory injunctive relief for violations of the Deceptive Trade Practices Act is provided for in such cases by R.C. §4165.03.

**Conclusion**

Injunctive relief is thus appropriate under §1333.62, or under §4165.03.

Respectfully submitted,

4

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T:  (440) 248-8811
F:  (440) 248-1599
E-mail:  rpdatty@sbcglobal.net

Attorneys for Plaintiffs

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | CASE NO. |
| | ) | |
| *Plaintiffs,* | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### COUNSEL'S CERTIFICATION OF NOTICE

---

The undersigned, Robert P. DeMarco, attorney for Plaintiffs, hereby certifies that he has notified all three Defendants of the within proceedings by faxing them a copy of the Verified Complaint as well as the Motion for Temporary Restraining Order to the attention of Michael Kass, the registered Statutory Agent of Armadillo Distribution Enterprises, Inc., on November 17, 2008.  A copy of the Notice and the accompanying Verified Complaint and Motion for Temporary Restraining Order is attached as Ex. 1 hereto.  A follow up letter was faxed on December 2, 2008 (See Ex. 2).

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T:  (440) 248-8811
F:  (440) 248-1599
Email:  rpdatty@sbcglobal.net

Attorneys for Plaintiffs

# *Robert P. DeMarco*

*Attorney at Law*

*Victor E. DeMarco*
*1908-1994*

*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

*Of Counsel*
*Joseph J. Triscaro*

**Sent via facsimile (813-600-3934)**

November 17, 2008

Armadillo Distribution Enterprises, Inc.
Attn: Michael Kass, Elliot P. Rubinson & Jon R. Hill
4924 West Walters Avenue
Tampa, Florida 33634

> **Re:    Hill Custom Guitars, *et al.* vs. Armadillo Distribution Enterprises, Inc., *et al.***

Dear Messrs Kass, Rubinson & Hill:

Please be advised that the undersigned is filing the attached Complaint and Motion for Temporary Restraining Order against the Defendants found therein, in Cuyahoga County Common Pleas, located at 1200 Ontario Street, Cleveland, Ohio 44113-1678, on Wednesday, December 3, 2008, at 10:00 a.m. There is a presumption that a hearing on the Motion for Temporary Restraining Order will be held the same day.

Please contact the undersigned if you would like to arrange for you or your representatives presence at said hearing.

Very truly yours,

Joseph J. Triscaro

JJT:adr
Attachments



**PLAINTIFF'S EXHIBIT**

*30505 Bainbridge Road, Suite 225, Solon, Ohio 44139  T. (440) 248-8811  F. (440) 248-1599*
*E-Mail: jpdatty@sbcglobal.net  Website: www.demarcolaw.net*

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| HILL CUSTOM GUITARS, INC.<br>3615 Superior Avenue, Suite 4206 B<br>Cleveland, Ohio 44114<br><br>and<br><br>STEVEN J. CHUDAKOFF<br>18265 Rolling Brook Drive<br>Chagrin Falls, Ohio 44023<br><br>       *Plaintiffs,*<br><br>  vs.<br><br>ARMADILLO DISTRIBUTION<br>ENTERPRISES, INC.<br>dba DEAN GUITARS<br>c/o MICHAEL KASS, STATUTORY<br>AGENT<br>1505 N. Florida Avenue<br>Tampa, Florida 33602<br><br>and<br><br>ELLIOTT P. RUBINSON<br>700 Spottis Woode Lane<br>Clearwater, Florida 33614<br><br>and<br><br>JON R. HILL<br>3725 Estero Blvd.<br>Ft. Myers Beach,  Florida 33931<br><br>       *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 
| | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**VERIFIED COMPLAINT<br>FOR DAMAGES INJUNCTIVE<br>RELIEF AND OTHER<br>EQUITABLE RELIEF** |

## JURISDICTION AND VENUE

1.    Jurisdiction is conferred upon this Court by virtue of Civ. R. 4.3 (A)(1), (2), (4) and/or (9).

2.      Venue is proper in this Court pursuant to Civ. Rule 3 (B) (3), (6) and/or (7).

## THE PARTIES

3.      Plaintiff Hill Custom Guitars, Inc., ("Hill Custom Guitars") is a corporation formed under the laws of the State of Ohio on July 18, 2007, with its principal place of business located at 3615 Superior Avenue, Suite 4206 (B), Cleveland, Cuyahoga County, Ohio.  Hill Custom Guitars is a close corporation, comprised of three owners, and whose shares are not traded on any securities market.

4.      Plaintiff Steven J. Chudakoff ("Chudakoff") is the Chief Executive Officer and 45% owner of Hill Custom Guitars.

5.      Defendant Armadillo Distribution, Inc. dba Dean Guitars ("Dean") is a Florida Corporation whose business is mainly the manufacture and sales of musical instruments.

6.      Defendant Elliott P. Rubinson ("Rubinson") is the Chief Executive Officer of Dean, and, on information and belief, Chairman of its Board of Directors.

7.      Defendant Jon R. Hill ("Jon") is a world-reknowned luthier (guitar maker), President and 45% owner of Hill Custom Guitars.

## GENERAL ALLEGATIONS

8.      Jon began building guitars at an early age, starting in his father's garage in 1989.

9.      In 1989 Jon registered the Trade Name of "The Hill Guitar Company," and, in 1991, his business became incorporated as "Hill Guitar Co."

10.      In late 1994, Jon moved his shop to Florida to work for Defendant Dean, where he remained until 1997.  At that time he was forced to leave the employ of Dean when that company experienced financial difficulties.

11.     On December 30, 1996, the Articles of Incorporation of Hill Guitar Co. were cancelled for non-payment of taxes, and by 1997, Jon was out of the luthier business.

12.     Several years later, Jon decided to try making guitars again, and moved back to Cleveland, Ohio, setting up shop in the Tremont area where he remained for about two years. He then moved to another location in Cleveland, Ohio where he was forced to leave due to arrears in rent.

13.     By 2005, Jon's business needed more space, so he relocated to 3615 Superior Avenue in Cleveland, Ohio. Jon continued to experience financial difficulties, and was, once again, facing the prospect of having to shut down his business.

14.     Jon told an acquaintance of his in the music business, Frank Amato of Amalon Entertainment, that he was looking for an infusion of capital, and was willing to take on a business partner if that partner could provide cash and production equipment including a CNC router needed to increase production.

15.     Amato introduced Jon to Plaintiff Chudakoff, whose business background was in consumer electronics, and who had contributed to the success of the multimillion dollar consumer electronics division of Frieder, Inc.

16.     When Chudakoff and Jon first met in November 2005, Jon stated he needed help paying overdue supply bills and payroll, as well as wanting a CNC machine to ramp up production capability for Hill Guitars, as well as "ghostbuilding" guitar parts for other manufacturers, such as Epiphone Guitar Co./Kramer Guitar (i.e., the parts were produced by Jon and installed on Epiphone/Kramer products).

17.     Chudakoff's due diligence revealed a resurgence of interest in the musical field in American-made guitars, which were greatly superior to the foreign imports which made

3

up about 90% of the market.  It also revealed that very few American manufacturers were filling this need.

18.     Chudakoff proposed a business plan whereby the company would ghostbuild for companies such as Epiphone, Dean and others on a large scale, the profits from which would be used to enhance the marketing, manufacturing and sales of the Hill Custom branded guitar.

19.     Said business plan would require an infusion of cash from Chudakoff, and new manufacturing equipment, for which Chudakoff would receive a 50% ownership.

20.     Chudakoff and Jon began their partnership in November, 2005 and began executing Chudakoff's business plan. Epiphone discussed increasing Hill's production output from 25 guitars per month as many as 400 per month.  Non-disclosure agreements were signed with Dean and with Epiphone.

21.     Chudakoff and Amato produced a directed a pilot for a TV series to be called "Axe-to-Grind."  It was a reality show highlighting the day-to-day operations of the company.  The series was patterned on the model of an existing show called "American Choppers," and was designed to further enhance the reputation of Hill Custom Guitars.

22.     On April 29, 2007, Jon and Chudakoff sold a 10% non-voting equity interest in the business to an investor for $40,000, and Plaintiff Hill Custom Guitars, Inc. was incorporated on July 18, 2007.  Chudakoff was made CEO and Jon became President.

23.     In November 2007, Jon left Hill Guitar.  He took raw materials, items in production, purchase orders and several key employees of Hill Custom Guitars and went to work for Dean, filling those orders as an employee of Dean, leaving Chudakoff with

4

all of the debts of Hill Custom Guitars, and without the means to earn money to pay them. Jon also misappropriated the opportunity of Hill Custom Guitars to earn profits.

24.     At that time, Chudakoff had invested approximately $250,000 of his funds, as well as his time, and talents in Hill Custom Guitars, which was poised to increase its output and profitability exponentially.

## COUNT ONE

### (Breach of Fiduciary Duty by Jon Hill)

25.     Plaintiff's restate all material allegations in paragraphs 1-24, as if fully rewritten herein.

26.     As an officer, equal shareholder of the corporation, and partner with Chudakoff, Jon owed him and Hill Custom Guitars a duty to act with the utmost good faith with respect to partnership affairs, and to act for the common benefit of all the partners, shareholders, and the corporation.

27.     Jon breached that duty to Chudakoff and Hill Custom Guitars by promoting his own self-interests by becoming an employee with Dean.

28.     Jon also breached that duty by absconding with the raw materials, purchase orders, skilled employees and other assets of the corporation, leaving Chudakoff and Hill Custom Guitars without the ability to earn profits, and/or pay its debts.

29.     As a direct and proximate result of Jon's breach of his fiduciary duties, Chudakoff and Hill Custom Guitars were injured, suffering loss of reputation, and great economic loss.

## COUNT TWO

### (Tortious interference with the business
### relationships of Chudakoff by Dean and Rubinson)

30.     Plaintiffs restate all material allegations in paragraphs 1 through 29, as if fully rewritten herein.

31.     Dean and Rubinson knew of the business relationship that Chudakoff had with Jon, and in fact was doing business with Hill Custom Guitars in 2007.

32.     Dean and Rubinson intentionally, maliciously and improperly interfered with the continuation of this business relationship, by inducing Jon to discontinue that relationship, and to misappropriate the assets and corporate opportunities rightfully belonging to Hill Custom Guitars, and to bring those assets and opportunities to Dean and Rubinson, thereby increasing their own profitability.

33.     As a direct and proximate result of the tortious interference with the business relationship between Chudakoff and Jon by Dean and Rubinson, Chudakoff suffered great economic loss.

## COUNT THREE

### (Misappropriation of Corporate Opportunity)

34.     Plaintiffs restate all material allegations in paragraphs 1 through 33, as if fully rewritten herein.

35.     As a partner shareholder and officer of Hill Custom Guitars, Jon became aware of business opportunities for ghostbuilding guitars for Gibson, Epiphone, Kramer and Dean Guitar companies.  These opportunities were in fact presented to Hill Custom Guitars for contract.

6

36.     These ghostbuilding opportunities were financially beneficial to Hill Custom Guitars, and in fact were in line with and in furtherance of the business plan established by Chudakoff for Hill Custom Guitars.

37.     Jon misappropriated those opportunities to his own personal gain by associating with Dean Guitars and fulfilling the order for the benefit of himself and Dean, all to the damage of Hill Custom Guitars.

## COUNT FOUR

### (Civil Conspiracy)

38.     Plaintiffs restate all material allegations in paragraphs 1 through 38, as if fully rewritten herein.

39.     In 2007, Defendants Jon, Rubinson and Dean maliciously combined for the purpose of injuring Plaintiffs in their property rights, by misappropriating corporate opportunities belonging to Hill Custom Guitars, and converting valuable business assets belonging to Hill Custom Guitars to their own use.

40.     In furtherance of the conspiracy, Defendants Jon, Rubinson and Dean acted in concert to convert raw materials, corporate opportunities, the business plan and key employees of Hill Custom Guitars to their own use.

41.     The conspiracy required all parties and was incapable of being accomplished by less than all conspirators in that Jon had the corporate opportunities and access to the other assets of Hill Custom Guitars, and Rubinson and Dean had the necessary funding and production capabilities.

42.     As a direct and proximate result of the above conspiracy, and acts in furtherance thereof, Chudakoff and Hill Custom Guitars was injured.

## COUNT FIVE

### (Misappropriation of Trade Secrets)

43.     Plaintiffs restate all material allegations in paragraphs 1 through 42, as if fully rewritten herein.

44.     Jon's nearly twenty years as a world renowned luthier gave Plaintiffs a competitive edge in the marketplace and valuable trade secrets in the design and manufacture, pricing of custom guitars, as well as customers, customer lists and unique and valuable professional testimonials.

45.     At all times material hereto, Defendant Jon was in a confidential relationship with Plaintiffs, and owed them a fiduciary duty of good faith and fair dealing.

46.     Jon has wrongfully misappropriated Plaintiffs' trade secrets of design, production, manufacturing pricing and customers all to the detriment of Plaintiffs and in favor of Defendants.

47.     Due to the wrongful conduct of Jon, Plaintiffs have been damaged and will continue to suffer damage.

48.     The misappropriation by Jon, of Plaintiffs' trade secrets were committed with willful and wanton disregard for the rights of Plaintiffs, and they are entitled to punitive damages in such sum as to be established by the Court upon trial hereof.

Wherefore, Plaintiffs pray judgment against Defendants jointly, or in the alternative for compensatory damages in an amount as yet unknown, but in excess of $25,000; for exemplary damages of five million dollars; for an accounting; for a constructive trust upon the proceeds of all proceeds from the ghostbuilding activities of Dean obtained from the corporate opportunities originally extended to Hill Custom

Guitar; injunctive relief, both temporary and permanent; attorney fees cost, and such relief as is just and equitable in the premises.

Respectfully submitted,

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T: (440) 248-8811
F: (440) 248-1599
Email: rpdatty@sbcglobal.net

Attorneys for Plaintiffs

9

## VERIFICATION

The undersigned Steven J. Chudakoff, being first duly sworn according to law, verifies and states that the is the Plaintiff in this action, is familiar with all matters set forth in the foregoing Complaint, and that the allegations contained therein are true to the best of his belief.

STEVEN J. CHUDAKOFF

**State of Ohio**          **:**

**County of Cuyahoga :**

Sworn to and subscribed before me this ___4ᵗʰ___ day of November, 2008.

NOTARY PUBLIC

NOTARIAL SEAL
STATE OF OHIO

JOSEPH J. TRISCARO
ATTORNEY AT LAW
NOTARY PUBLIC
STATE OF OHIO
My Comm. Has No
Expiration Date
Section 147.03 R. C.

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | CASE NO. |
| | ) | |
| *Plaintiffs,* | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

---

Now come Plaintiffs, by and through counsel, and pursuant to Civ. R. 65 (A), move this Honorable court for the entry of a temporary restraining order, prohibiting and preventing Defendants Armadillo Distribution, Inc., dba Dean Guitars ("Dean"), Elliott P. Rubinson ("Rubinson") and Jon R. Hill ("Jon") from working together in any capacity, whether as employee, independent contactor, agents, and whether alone or in concert with others, in the production of custom guitars, or in the ghostbuilding of guitars, for Epiphone, Kramer, Dean Guitar, or any other companies, who had entered into agreements with Plaintiff for the production of custom guitars or guitar parts prior to November, 2007, when Hill left Hill Custom Guitars.

The reason for this Motion is that Jon converted to his own use corporate opportunities properly belonging to Plaintiff in the form of orders for the production of custom guitars from Dean, as well as from Epiphone and Kramer guitar companies. In addition, Jon converted valuable raw materials and corporate employees necessary for the

production of said guitars, unlawfully providing Dean with the use of these materials and employees.

Defendants Dean and Rubinson were aware of the business relationship between Plaintiffs and Jon, and the corporate opportunity described above, and encouraged Jon to discontinue that relationship and to breach his fiduciary duties to Plaintiffs.

This Motion is made upon the grounds that Plaintiffs are entitled to the relief demanded, and part of that relief consists of restraining the continuation of Defendants' improper and unlawful acts, the continuance of which will produce great and irreparable economic injury to Plaintiffs for which there is no adequate remedy at law, all of which is evident from a review of their Verified Complaint.

A Brief in Support of this Motion is attached hereto an incorporated by referenced herein.

Respectfully submitted,

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T: (440) 248-8811
F: (440) 248-1599
Email: rpdatty@sbcglobal.net

Attorneys for Plaintiffs

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | CASE NO. |
| | ) | |
| *Plaintiffs,* | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

## BRIEF IN SUPPORT OF MOTION
## FOR TEMPORARY RESTRAINING ORDER

### Statement of Facts

The evidence to be adduced at trial of the within case will show that Chudakoff and Jon, in November, 2005, became general partners in a business plan to save Jon's failing guitar building business. Chudakoff would provide the funding and business expertise, and Dean would provide his unique and renowned luthier skills in the ghostbuilding of guitars and guitar parts for other guitar companies desiring American built guitars.

The profits generated thereby would enhance the marketing, manufacturing and sales of the Hill branded custom guitar. Chudakoff would receive 50% ownership of the business for his providing of the funding and marketing skills.

On July 18, 2007, Plaintiff Hill Custom Guitars, was formed as a corporate entity, with its principal place of business located at 3615 Superior Avenue, Suite 4206 (B), Cleveland, Cuyahoga County, Ohio.

Chudakoff invested over two hundred fifty thousand dollars ($250,000) in paying overdue bills, hiring skilled employees, and obtaining the necessary machinery to ramp up production capability for Hill Custom Guitars.

Due to Chudakoff's efforts and funding, discussions with large foreign guitar companies, including Epiphone, and Kramer, as well as Dean Guitars led to opportunities to increase production from 25 guitars per month to 400 per month.

Raw materials were purchased to enable Jon and the employees to produce the guitars and guitar parts.

However, without warning, Jon converted the raw materials, corporate orders and opportunities and went to work for Dean, filling those orders as an employee of Dean, leaving Chudakoff with all of the debts of Hill Custom Guitars, and without the means to earn the money to pay them, or to earn profits.

## Law & Argument

In 1994, Ohio adopted the Uniform Trade Secrets Act. (R.C. §§1333.61-1333.69). Pursuant thereto, "trade secrets" are defined as:

> " . . . information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers that satisfies both of the following:
>
> > 1)  It derives independent economic value, actual or potential, from not being generally known to and not being readily

2

ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

2)      It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C. §1333.61(D).

A person "misappropriates" trade secrets if he uses a trade secret without the express or implied consent of the other, having acquired those trade secrets under circumstances giving rise to a duty to maintain the secrecy thereof. (R.C. §1333.61(B)(2)(b)).

The evidence will show that Defendant Jon's knowledge and unique skills as a luthier were misappropriated along with Plaintiffs' customer lists and orders.

The evidence will show that Defendant Jon divulged these trade secrets to Defendants Dean and Rubinson.

Further, the "inevitable disclosure rule" applies to cases such as this where a former employer seeks to enjoin a former employee from using or disclosing trade secrets. *Proctor and Gamble Co. v. Stoneham* (2000) 140 Ohio App. 3d 260. This rule provides that actual harm need not be shown to qualify for injunctive relief. The Court can rely on evidence of a threat of harm where the evidence shows, as in the case at bar, that an employee had intimate knowledge of confidential information.

"It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well intentioned the effort may be to do so."

*FTC v. Exxon Corp.*, 636 F. 2d 1336, 1350 (D.C. Circ. 1980)

**<u>Injunctive Relief Appropriate</u>**

As shown herein, Jon clearly misappropriated the trade secrets of Plaintiffs. For such conduct, the Uniform Trade Secrets Act provides for injunctive relief (R.C. §1333.62).

Under Ohio's Deceptive Trade Practices Law (R.C. §§4165.01 et. seq.) a person engages in a deceptive trade practice when that person, under §4165.02

> "(A)(2)  Causes likelihood of confusion or misunderstanding as to the source sponsorship, approval or certification of goods or services."
>
> or
>
> (A)(3)  Causes likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another."

The evidence will show that Defendant Jon contacted clients and used the Hill name to offer to custom build guitars for Dean. Defendants were able to obtain contracts with several of Plaintiffs' clients. The evidence will show they were confused as to the possible affiliation of Defendant Jon with Plaintiff.

This is precisely the type of market place confusion contemplated in the Deceptive Trade Practices Act.

Separate statutory injunctive relief for violations of the Deceptive Trade Practices Act is provided for in such cases by R.C. §4165.03.

**<u>Conclusion</u>**

Injunctive relief is thus appropriate under §1333.62, or under §4165.03.

Respectfully submitted,

Robert P. DeMarco (#0031530)
Joseph J. Triscaro (#0081209)
30505 Bainbridge Road, Suite 225
Solon, Ohio 44139
T:  (440) 248-8811
F:  (440) 248-1599
E-mail:  rpdatty@sbcglobal.net

Attorneys for Plaintiffs

# ROBERT P. DEMARCO

### ATTORNEY AT LAW

30505 BAINBRIDGE ROAD, SUITE 225

SOLON, OHIO 44139

(440) 248-8811

FAX (440) 248-1599

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Michael Kass, Elliott P. Rubinson<br>& Jon R. Hill | FROM:<br>Joseph J. Triscaro |
| COMPANY:<br>Armadillo Distribution Enterprises, Inc.<br>4924 West Walters Avenue<br>Tampa, Florida 33634 | DATE:<br>11.17.08 |
| FAX NUMBER:<br>813-600-3934 | TOTAL NO. OF PAGES INCLUDING COVER:<br>19 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE:<br>**Hill Custom Guitars, et al.<br>vs. Armadillo Distribution Enterprises,<br>Inc., et al.** | YOUR REFERENCE NUMBER: |

---

URGENT     FOR REVIEW     PLEASE COMMENT     PLEASE REPLY     HARD COPY TO FOLLOW: NO

---

NOTES/COMMENTS:

# Send Result Report



MFP
## KM-3050

**Firmware Version  2GR_2000.016.006  2008.01.28**

| Job No. | : 007155 | Total Time | : 0°03'05" | Page | : 019 |
|---|---|---|---|---|---|

# Completed

**Document :  doc20081117143248**

<br>

### ROBERT P. DEMARCO
#### ATTORNEY AT LAW
#### 30505 BAINBRIDGE ROAD, SUITE 225
#### SOLON, OHIO 44139
#### (440) 248-8811
#### FAX (440) 248-1599

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Kass, Elliott P. Rubinson & Jon R. Hill | Joseph J. Triscaro |

| COMPANY: | DATE: |
|---|---|
| Armadillo Distribution Enterprises, Inc. 4924 West Walters Avenue Tampa, Florida 33634 | 11.17.08 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 813-600-3934 | 19 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|---|---|---|---|---|---|---|
| 001 | 11/17/2008 14:33 | 18136003934 | 0°03'05" | FAX | OK | 200x200 Fine / On |

# *Robert P. DeMarco*

*Attorney at Law*

*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

*Victor E. DeMarco*
*1908-1994*

*Of Counsel*
*Joseph J. Triscaro*

Via Fax (813) 600-3934

December 2, 2008

Armadillo Distribution Enterprises, Inc.
Attn: Michael Kass, Elliot P. Rubinson & Jon R. Hill
4924 West Walters Avenue
Tampa, Florida 33634

**Re: Hill Custom Guitars, *et al.* vs. Armadillo Distribution Enterprises, Inc., *et al.***

Dear Messrs Kass, Rubinson & Hill:

Please make reference to my letter faxed to you on November 17, 2008 concerning the above-referenced case. Since you have not contacted the undersigned concerning this matter, this is to advise that the Plaintiffs will file the Verified Complaint and Motion for Temporary Restraining Order on ***Wednesday, December 3, 2008 at 10:00 a.m.*** Should you wish to appear and contest the TRO, please meet me in the office of the Clerk of Court for the Cuyahoga County Court of Common Pleas, located on the First Floor of 1200 Ontario Street, Cleveland, Ohio 44113. At that time, a Judge will be assigned and I will walk the TRO up to his/her room for further proceedings.

If you have any questions, you may contact me at my office: (440) 248-8811 or my cell: (440) 655-2424 at any time.

Very truly yours,

Robert P. DeMarco

RPD:adr

**PLAINTIFF'S
EXHIBIT
2**

*30505 Bainbridge Road, Suite 225, Solon, Ohio 44139 T. (440) 248-8811 F. (440) 248-1599*
*E-Mail: rpdatty@sbcglobal.net Website: www.demarcolaw.net*

# ROBERT P. DEMARCO

### ATTORNEY AT LAW
### 30505 BAINBRIDGE ROAD, SUITE 225
### SOLON, OHIO 44139
### (440) 248-8811
### FAX (440) 248-1599

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Kass, Elliott P. Rubinson & Jon R. Hill | Robert P. DeMarco |

| COMPANY: | DATE: |
|---|---|
| Armadillo Distribution Enterprises, Inc. 4924 West Walters Avenue Tampa, Florida 33634 | 12.02.08 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 813-600-3934 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| **Hill Custom Guitars, et al. vs. Armadillo Distribution Enterprises, Inc., et al.** | |

---

URGENT        FOR REVIEW        PLEASE COMMENT        PLEASE REPLY        HARD COPY TO FOLLOW: NO

---

NOTES/COMMENTS:

# Send Result Report



MFP
## KM-3050

**Firmware Version** 2GR_2000.016.006 2008.01.28

| | | | | | | |
|---|---|---|---|---|---|---|
| **Job No.** | : 007610 | **Total Time** | : 0°00'22" | **Page** | : 002 | |

# Completed

**Document :** doc20081202121839

---

### ROBERT P. DEMARCO
#### ATTORNEY AT LAW
### 30505 BAINBRIDGE ROAD, SUITE 225
### SOLON, OHIO 44139
### (440) 248-8811
### FAX (440) 248-1599

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Kass, Elliott P. Rubinson & Jon R. Hill | Robert P. DeMarco |

| COMPANY: | DATE: |
|---|---|
| Armadillo Distribution Enterprises, Inc. 4924 West Walters Avenue Tampa, Florida 33634 | 12.02.08 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 813-600-3934 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|---|---|---|---|---|---|---|
| 001 | 12/02/2008 12:19 | 18136003934 | 0°00'22" | FAX | OK | 200x200 Fine / On |

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HILL CUSTOM GUITARS, INC., *et al.* | ) | Judge: LANCE T MASON |
| | ) | |
| *Plaintiffs,* | ) | CV 08 677908 |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC. | ) | |
| dba DEAN GUITARS | ) | |
| c/o MICHAEL KASS, STATUTORY | ) | |
| AGENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### JOURNAL ENTRY GRANTING TEMPORARY RESTRAINING ORDER

---

This matter came on for hearing this _____ day of December, 2008 on Plaintiffs' Verified Complaint, and Motion for Temporary Restraining Order and the evidence.

Upon due consideration thereof, the Court finds that immediate and irreparable loss, injury and damage will result to Plaintiffs before the Defendants can be heard in opposition, and that good cause exists for the issuance of a Temporary Restraining Order.

It is therefore ordered, adjudged and decreed that the Defendants be and hereby are restrained as follows:

Defendants Armadillo Distribution, Inc., dba Dean Guitars, Elliot P. Rubinson and Jon R. Hill are hereby restrained, prohibited and prevented from working together in any capacity, whether as employee, independent contractor, or agents, and whether alone or in concert with others, in the production of custom guitars, or in the ghostbuilding of guitars, for Epiphone, Kramer, Dean Guitar, or any other companies, until further order of this Court.

_____
Judge, Court of Common Pleas